IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN MITCHELL HUMASON, | 1:08-cv-00022-AWI-TAG HC |
| Petitioner, | ORDER OF TRANSFER |
| vs. | |
| JAMES E. TILTON, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or  (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C.  § 1391(b).

Moreover, 28 U.S.C. § 2241(d), provides that where an application for a writ of habeas corpus is made by a person under judgment of a state court in a State with more than one federal judicial district, "the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to

1

entertain the application." The statute further provides that "[t]he district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." 28 U.S.C. §2241(d).

It is a long-standing policy of the judicial districts in California that, although the district of confinement and the district in which the conviction was obtained may both have concurrent habeas jurisdiction, when a petitioner is challenging the fact of his conviction or sentence, the jurisdiction of the judgment court is the appropriate venue, while the confinement jurisdiction is the appropriate venue for a petitioner challenging the execution of his sentence. This is a practical rule designed for the convenience of potential witnesses and for better access to evidence.

Petitioner is confined within the jurisdiction of this Court. However, Petitioner is challenging a conviction from Ventura County, which is in the Central District of California. Therefore, the petition should have been filed in the United States District Court for the Central District of California. In the interest of justice, a federal court may transfer a case filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is TRANSFERRED to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated:   **February 6, 2008**                              /s/ Theresa A. Goldner
                                                          UNITED STATES MAGISTRATE JUDGE